UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CREDIT CONSULTATIVE, INC. | * | CIVIL ACTION |
| VERSUS | * | NO. 24-1105 |
| XL INSURANCE AMERICA, INC. | * | SECTION "L" (2) |

## ORDER AND REASONS

Before me is Defendant XL Insurance America, Inc.'s Motion to Opt Out of Streamlined Settlement Program seeking to opt out of the Hurricane Ida Case Management Order and Streamlined Settlement Program. ECF No. 7. Plaintiff Credit Consultative, Inc. failed to timely file an Opposition Memorandum before expiration of the deadline on Tuesday, June 4, 2024. *See* E.D. La. L.R. 7.5. Although the Court has authority to grant a motion as unopposed, it is not required to do so.[1] No party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant's motion (ECF No. 7) is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

I.   **BACKGROUND**

Plaintiff Credit Consultative, Inc. filed this Hurricane Ida suit in state court against Defendant XL Insurance America, Inc. ("XL Insurance" or "XL") to recover contractual and extracontractual damages in relation to its property in Houma, Louisiana. ECF No. 1-2. After removal on May 1, 2024, XL Insurance moved to opt out of the EDLA's Hurricane Ida Streamlined Settlement Program on May 16, 2024. ECF No. 7. XL Insurance argues that relief is warranted

---

[1] *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 356 (5th Cir. 1993).

1

because the insurance policy at issue contains a mandatory forum selection clause, which XL Insurance seeks to enforce by filing a Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a). ECF No. 7-1 at 1-2.  XL Insurance indicates that Plaintiff conceded the validity and enforceability of the forum selection clause in state court, but because the case was removed before resolution of that issue and an exception of improper venue is not a recognized procedural device in federal court, XL seeks leave to opt out of the SSP to file a motion to transfer pursuant to 28 U.S.C. § 1404(a).  *Id*. at 4 (citing ECF No. 1-5 at 17-25, 201-02).  XL also requests additional relief from the SSP to engage in further motion practice in the event that its transfer request is denied.  *Id*. at 2, 5.  Citing recent Eastern District of Louisiana cases permitting insurance carriers to opt out of the SSP to pursue motions to compel arbitration, XL argues that it, too, has good cause to opt out in order to resolve the forum selection issue.  *Id*. at 4-5.[2]

II.   <u>LAW AND ANALYSIS</u>

On August 26, 2022, this Court adopted Case Management Order ("CMO") No. 1 to govern Hurricane Ida claims.  CMO #1 includes provisions for certain mandatory initial disclosures as well as a streamlined settlement program ("SSP") that requires parties to engage in informal settlement conferences as well as court-ordered mediation.  *See* Sections 1, 3.  Although parties may not opt out of the mandatory initial disclosures set forth in Section 1, they may seek to opt-out of the SSP in Section 3 upon a showing of good cause.  *See* Section 3.

The CMO does not define the term "good cause."  Courts have found good cause to opt-out of the SSP in certain situations, such as when the policy contains a mandatory arbitration provision enforceable under the Convention of the Recognition and Enforcement of Foreign

---

[2] Citing *LAG Oasis, LLC v. Indep. Specialty Ins. Co.,* No. 23-6584, 2024 WL 1550360 (E.D. La. Mar. 20, 2024); *Gaidry & Thompson Props., LLC v. Indep. Specialty Ins. Co.*, No. 23-6864, 2024 WL 502289 (E.D. La. Jan. 10, 2024).

Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09[3] or when there is a threshold issue of whether the plaintiffs are covered insureds under a policy.[4]

Absent a finding that the forum selection clause applies, XL Insurance cannot establish good cause to opt-out entirely of the SSP. That precise issue, however, is now pending before Judge Fallon. *See* ECF No. 9. Given the pendency of the motion to transfer venue, XL Insurance has established good cause to opt-out of the SSP only for the limited purpose of allowing it to pursue the Motion to Transfer Venue. XL Insurance has not, however, established good cause for further relief from the SSP to pursue additional motion practice that it anticipates "may" be needed (e.g., motions regarding the policy's contractual choice of law clause and/or aggregate deductible). These issues can be addressed and factored into the analysis during the SSP, and the parties' disputes regarding same do not establish good cause to opt-out of the governing CMO or SSP.

Accordingly, if the Motion to Transfer Venue is denied or the case otherwise remains on the docket of this Court, it will remain subject to the Hurricane Ida CMO and the SSP. In the interim, movants must proceed to comply with the CMO's mandatory disclosures. Indeed, while the CMO authorizes the parties to opt out of the SSP, it explicitly denies them the ability to opt-out of the initial disclosures.

---

[3] *See Dupuy Storage and Forwarding, LLC v. Certain Underwriters at Lloyd's*, Civ. No. 22-4546 (E.D. La. Dec. 16, 2022) (citing *McDonnel Grp., L.L.C. v. Great Lakes Ins. SE, UK Branch*, 923 F.3d 427, 430–31 (5th Cir. 2019), *as revised* (June 6, 2019) (citing La. Rev. Stat. § 22:868(A)(2); *Doucet v. Dental Health Plans Mgmt. Corp.*, 412 So. 2d 1383, 1384 (La. 1982) (holding that classification of a contract as an insurance contract renders the arbitration provisions unenforceable under § 22:868)); *City of Kenner v. Certain Underwriters at Lloyd's London*, No. 22-2167, 2022 WL 16961130, at *2 (E.D. La. Nov. 16, 2022) (Vance, J.) (citation omitted). In a recent unpublished opinion, *S.K.A.V., L.L.C. v. Indep. Specialty Ins. Co.*, No. 23-30293, 2024 WL 2839835 (5th Cir. June 5, 2024), the Fifth Circuit made an *Erie* guess that LA. REV. STAT. § 22:868 voids arbitration provisions in contracts for surplus lines insurance. While this decision would impact the continued viability of arbitration motions, it does not impact this Court's "good cause" analysis in those cases.

[4] *Jupiter v. Tower Hill Prime Ins. Co.*, No. 23-4862, 2024 WL 1092921, at *1 (E.D. La. Mar. 13, 2024) (finding good cause where motion to dismiss raised threshold coverage issue) (citing *Okpalobi v. American Nat'l Prop. & Cas. Co.*, No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024) (finding good cause to allow opt-out where plaintiff has no viable claims against the insurer))).

**III.     CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that XL Insurance's Motion to Opt-Out of the Streamlined Settlement Program (ECF No. 7) is GRANTED IN PART to the extent necessary for Defendant to prosecute its pending motion to transfer venue. If that motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this 12th day of June, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE