UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CREDIT CONSULTATIVE, INC.**    *    **CIV. ACT. NO. 24-1105** | |
| **D/B/A FRANCHISEE (#18734) OF** | |
| **H&R BLOCK, INC.**    * | |
| **VERSUS**    *    **SECTION L** | |
| **XL INSURANCE AMERICA, INC.**    * | |

**ORDER & REASONS**

Before the Court is a motion by Defendant XL Insurance America, Inc. to transfer the case to the United States District Court for the Southern District of New York. R. Doc. 9. No opposition was filed. Considering the briefing and the applicable law, the Court rules as follows.

I.    **BACKGROUND**

This case arises from alleged damage to plaintiff, Credit Consultative, Inc's commercial property ("the Property") caused by Hurricane Ida. R. Doc. 1-2 at 4. Plaintiff originally filed the action in the 32nd Judicial District Court for the Parish of Terrebonne, but Defendant removed the case to this Court pursuant to diversity jurisdiction.[1] R. Doc. 1.

Defendant XL Insurance America, Inc. ("XL Insurance") provided an insurance policy (the "Policy") which covered the Property for loss and damage. Doc. 1-2 at 4. Plaintiff alleges it provided timely notice of the loss to Defendant. *Id.* at 5. Plaintiff alleges the Defendant's adjustment was inadequate, and gave Plaintiff no opportunity to conduct needed repairs caused by

---

[1] Plaintiff, Credit Consultative, was incorporated in Louisiana with its principal place of business located in Louisiana. Defendant, XL Insurance America, Inc., was incorporated in Delaware with its principal place of business in Connecticut.

the storm. *Id.* Plaintiff also alleges Defendant failed to pay the amount due within 60 days after the receipt of satisfactory proof. *Id.*

Plaintiff alleges two causes of action: (1) breach of insurance policy; and (2) bad faith under La. R.S. 22:1892 and La. R.S. 1973. *Id.* at 7-8. First, it alleges that Defendant breached the insurance contract by refusing to tender adequate insurance proceeds to compensate Plaintiff. *Id.* at 7. Second, Plaintiff alleges that Defendant failed to act in good faith as required by La. R.S. 22:1892 and La. R.S. 1973. *Id.* at 7-8. In its answer, Defendant generally denies the allegations set forth in the complaint and asserts several affirmative defenses, including, but not limited to: contributory negligence, failure to mitigate damages, and policy exclusions. *Id.* at 144-53.

Defendant also filed a declinatory exception of improper venue pursuant to Louisiana Code of Civil Procedure article 925A(4). *Id.* at 155. In that motion, Defendant requested to the state court to sustain their exception of improper venue and dismiss Plaintiff's action, or in the alternative, transfer the suit to a court within the State of New York. In Plaintiff's opposition, it conceded that the forum selection clause was enforceable but opposed dismissal of the case. R. Doc. 1-5 at 201 ("Plaintiff will not oppose Defendant's arguments that the forum selection clause is valid and enforceable. However, Plaintiff does oppose Defendant's request to have this suit dismissed without prejudice."). R. Doc. 1-5 at 201. Before the state court ruled on the declinatory exception, Defendant removed the case to this court. R. Doc. 1.

## II.   DISCUSSION

Presently, Defendant argues that because exception of improper venue is not recognized in federal court, the proper vehicle to enforce a forum selection clause is a motion to transfer pursuant to 28 U.S.C. § 1404(a) in accordance with *Atlantic Marine Construction Corporation v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). R. Doc 9-1 at 2. First,

XL Insurance argues that Plaintiff has previously conceded that the forum selection clause is enforceable in the state court proceedings. R. Doc. 9-1 at 5. However, out of an abundance of caution, it argues 28 U.S.C. § 1404(a) allows transferor courts to enforce a valid forum selection clause and transfer a civil action to another federal district court "to any other district to which the parties have agreed by contract or stipulation." 571 U.S. at 51; R. Doc. 9-1. XL Insurance further argues that the instant forum selection clause is mandatory and enforceable because it contains clear language and encompasses all claims.[2] R. Doc. 9-1 at 5-6. Next, it argues the clause is valid because there is no fraud present, and the Louisiana Revised Statute § 22:868 does not bar enforcement of the clause because the Policy was delivered outside Louisiana. Lastly, XL Insurance argues that public interest factors do not defeat enforcement of the clause because the Southern District of New York has fewer pending cases and there are no exceptional circumstances to defeat enforcement of the clause. *Id.* at 11-12. Plaintiff did not file an opposition.

Because Plaintiff previously conceded that Policy's forum selection clause is enforceable and currently does not contest transfer of the case, the Court finds that the Policy's forum selection clause to be mandatory and enforceable. R. Doc. 1-5 at 201; 28 U.S. § 1404(a). Accordingly;

**IT IS HEREBY ORDERED** that this matter be **TRANSFERRED** to the United District Court for the Southern District of New York.

New Orleans, Louisiana, this 18th day of July, 2024.

_____
United States District Judge

---

[2] Relevant parts of the forum selection clause provide: "any disagreement… any suit shall be brought … within the State of New York." R. Doc. 9-1 at 5-6.